IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUNBURST HOMEOWNERS ASSOCIATION, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-00946 |
| | § | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and TIFFANY BLUE, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 2017CI15763, *Sunburst Homeowners Association v. Nationwide Property and Casualty Insurance Company and Tiffany Blue*, in the 224th Judicial District Court, Bexar County, Texas.

## I.
## BACKGROUND

1.      Plaintiff Sunburst Homeowners Association (hereinafter, "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2017CI15763, in the 224th Judicial District Court of Bexar County, Texas on August 22, 2017 (the "State Court Action").[1]

2.      Defendants Nationwide and Blue appeared and answered on September 22, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1]      *See* **Exhibit A**, Plaintiff's Original Petition with citation.

[2]      *See* **Exhibit B**, Defendants' Original Answer.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a complete copy of the state court file has been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 224th Judicial District Court of Bexar County, Texas.

5.      Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of the Parties**

7.      Plaintiff is an association of individual members. Upon information and belief, each of the members forming the association are domiciled within the State of Texas. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of Texas.

8.      Defendant Nationwide Property and Casualty Insurance Company is organized under the laws of the State of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of Ohio.

9.     Defendant Tiffany Blue is domiciled in the State of Texas. However, Blue's citizenship should be disregarded because she has been improperly joined to this action.[3]

10.     Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

   *i.  Improper joinder*

11.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[4] Because Blue is non-diverse, only the latter option is relevant in this matter.

12.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[5] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[6] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[7] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[8] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[3]   Blue's joinder in this removal is not necessary since she is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003). Nevertheless, Blue consents to removal of this matter.

[4]   *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[5]   *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

[6]   *Id.*

[7]   *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[8]   *See Int'l Energy Ventures*, 818 F.3d at 200-08.

do.[9] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[10]

13.     In this case, Plaintiff has asserted causes of action against Blue for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.[11] However, Plaintiff has employed form allegations that are not substantively tailored to the facts of the case. Moreover, in its petition, Plaintiff has failed to plead enough facts against Blue to state a claim to relief that is plausible on its face. Instead, Plaintiff's petition is riddled with conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions. Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert a claim to relief under Texas law against Blue. As such, Blue has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

## B.     Amount in Controversy

14.     Plaintiff's Original Petition states that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000[.]"[12] The threshold for diversity jurisdiction of $75,000 is therefore met by the allegations of Plaintiff's Original Petition.

15.     Plaintiff further seeks compensation for actual damages, consequential damages, 18% per annum penalty interest, additional damages, exemplary damages, attorneys' fees, and pre- and post-judgment interest.[13] Plaintiff has alleged that Nationwide's conduct was wrongful and done knowingly, entitling Plaintiff to a trebling of actual damages under Texas Insurance Code Chapter

---

[9]     *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10]    *Id.* at 570.

[11]    *See* **Exhibit A**, Plaintiff's Original Petition with citation at pp. 13-16.

[12]    *Id.* at p. 1.

[13]    *Id.* at pp. 17-18.

541.[14] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[15]

16.     The amount in controversy in this matter plainly exceeds $75,000, exclusive of interest and costs.[16] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

17.     Removal of this action under 28 U.S.C. §1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page.)*

---

[14]   *Id.*

[15]   *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[16]   *See* **Exhibit A**, Plaintiff's Original Petition with citation.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this 26th day of September, 2017, to:

William N. Allan, IV                                     *9414 7266 9904 2061 9327 83*
Allan, Nava & Glander, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231

*/s/ Patrick M. Kemp*
Patrick M. Kemp