UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUNBURST HOMEOWNERS | § | |
| ASSOCIATION | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-00946-OLG |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| and TIFFANY BLUE | § | |
|     Defendants. | § | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Sunburst Homeowners Association (the "Association") files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

## I.    INTRODUCTION

The Association filed this case in state court to assert state causes of action related to an insurance claim for storm-related damages to its condominium complex located in San Antonio, Texas. Its Original Petition alleges causes of action against its insurer, Nationwide Property and Casualty Insurance Company ("Nationwide"), and the adjuster assigned to its insurance claim, Tiffany Blue. (*See* Exhibit A). In part, the Association has alleged causes of action against Blue for violations of the Texas Insurance Code and DTPA. The Association is a Texas citizen that resides in Texas. (*Id.* at 1; *see also* Dkt. No. 1, at ¶ 7). Blue is also a Texas citizen who resides in Texas. (*See* Exhibit A at 2; *see also* Dkt. No. 1, at ¶ 9). Thus, the parties lack complete diversity.

Nevertheless, Nationwide filed its Notice of Removal asserting there is complete diversity between itself and the Association, and that Blue should be disregarded as improperly joined. However, the Court lacks subject matter jurisdiction because Nationwide has not met its burden to

prove that the Association cannot possibly recover against Blue. Rather, Texas law provides a basis for the Association to possibly prevail against Blue, and the Association's Original Petition alleges sufficient facts to state at least one plausible claim against Blue for violating the Texas Insurance Code. For these reasons, the Association's Motion to Remand should be granted.

## II.    ARGUMENT AND AUTHORITIES

### A.    Nationwide Has a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder

Federal courts must presume that cases lie outside their limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To make this determination, the district court considers the claims in the state court petition, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Additionally, under the forum-defendant rule, a case may not be removed if any defendant is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). To establish diversity jurisdiction, the removing party must prove that every non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action

against the non-diverse party in state court."[1] *Id.*

Under the second prong, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* For this test, the court should analyze the allegations in the plaintiff's petition to determine whether it states a claim under state law against the in-state defendant. *Id.* The court must accept as true all relevant allegations contained in the plaintiff's petition and construe all factual and legal ambiguities in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*, 99 F.3d 746, 751–52 (5th Cir. 1996). The court does not weigh the merits of the plaintiff's claim but only determines whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Sid Richardson*, 99 F.3d at 751–52.

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004). The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis*, 326 F.3d at 649. The court lacks subject matter jurisdiction when the removing party does not carry its heavy burden of proving joinder was improper. *Smallwood*, 385 F.3d at 576.[2]

### B.  Applicable Methods and Pleading Standard for Improper Joinder Analysis

The issue of whether a plaintiff has a reasonable basis of recovery under state law may be

---

[1] This motion only addresses the second test because Nationwide's Notice of Removal did not allege actual fraud in the pleading of jurisdictional facts as the basis for removal of this case.

[2] However, if the court determines that a non-diverse defendant has been improperly joined, that party can only be dismissed *without* prejudice. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

resolved in one of two ways: (1) the court may conduct a Rule 12(b)(6)-type analysis of the allegations in the petition to determine whether the plaintiff states a claim; or (2) in rare cases, the court may pierce the pleadings to conduct a summary-judgment-like inquiry to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery. *Smallwood*, 385 F.3d at 573–74. Generally, the second method only applies in cases where the plaintiff has stated a claim but has also misstated or omitted discrete facts that would determine the propriety of a non-diverse defendant's joinder. *Id.* at 573. Such a summary inquiry should not involve substantial hearings and should only allow narrowly tailored discovery based on a showing of necessity. *Id.* at 574. Moreover, the motive or purpose of the joinder is not relevant. *Id.*

For the first method, the Fifth Circuit changed the law in March of 2016 to impose the federal pleading standard when determining whether a plaintiff has stated a claim against a non-diverse defendant. *See Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016). This holding is the governing law for an improper joinder analysis. Neither the Association nor Nationwide submitted any evidence for the Court to consider. Thus, the appropriate method for the Court to apply is a Rule 12(b)(6)-like analysis of the Association's Original Petition under the federal pleading standard.

### C.    Under Texas Law, an Insurance Adjuster Like Blue Can Be Held Liable for Violations of the Texas Insurance Code and DTPA

Under Texas law, an agent is personally liable for her own tortious acts that she directs or participates in during her employment, even when those acts were performed as a representative. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007, no pet.); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied); *Kingston v. Helm*, 82 S.W.3d 755, 758–59 (Tex. App.—Corpus Christi 2002, pet. denied).

An agent is liable for her own torts even where her employer is also liable for the same actions. *See Shapolsky v. Brewton*, 56 S.W.3d 120, 133 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). An agent cannot escape liability where she directly participated in the wrongdoing. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.); s*ee also Land v. Wal-Mart Stores of Texas*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014).

Under the Texas Insurance Code, a "person" subject to liability is defined in part as any "individual . . . engaged in the business of insurance," which specifically includes any adjuster. Tex. Ins. Code §§ 541.002(2) & 541.151(1). The Texas Supreme Court has long held that an insurer's employee "engaged in the business of insurance" is a "person" that may be held individually liable for violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). The Texas Supreme Court also long ago recognized that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988).

Based on Texas law, the Fifth Circuit has also held that a claims adjuster responsible for the servicing of insurance policies is engaged in the business of insurance and subject to the Texas Insurance Code. *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Similarly, numerous decisions within this circuit have held that independent adjusters are subject to liability under the Texas Insurance Code. *See, e.g.*, *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 728– 31 (N.D. Tex. 2014); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13–CV–589, 2014 WL 68648, at *2–4 (S.D. Tex. Jan. 8, 2014); *Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA–08–CA– 736–FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, *5 & n. 8 (E.D. Tex. Sept. 29, 2008). Furthermore, the Texas Insurance Code and DTPA "each grant relief for unfair or deceptive

acts or practices in the business of insurance," *Vail*, 754 S.W.2d at 132; *see also* Tex. Bus. & Com. Code § 17.50(a)(4); Tex. Ins. Code § 541.151(2), and an insured has standing to base DTPA claims on acts committed during the investigation of an insurance claim, *see Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 603 (Tex. App.—Tyler 1984, writ ref'd n.r.e.); *cf. Webb v. Int'l Trucking Co.*, 909 S.W.2d 220, 223, 228–30 (Tex. App.—San Antonio 1995, no writ). Thus, an adjuster like Blue can be held liable for violations of the Texas Insurance Code and DTPA.

### D.  The Association's Original Petition Sufficiently States at Least One Plausible Claim on which It May Possibly Recover Against Blue

The allegations in the Association's Original Petition pertinent to its claims against the non-diverse defendant insurance adjuster, Blue, are as follows:

A.  Plaintiff is the owner of a Texas Premier Businessowners Policy No. ACP BPHK3017085159, issued by Nationwide (the "Policy"). The Policy in part provides coverage for property damage caused by covered perils, including hail damage, wind damage, and water intrusion damage as a result of storm-created openings or separations.

B.  Plaintiff owns the insured property . . . , which is specifically located at 11807 Sunburst St., San Antonio, Texas 78230 (the "Property"). The Property is a 26,000+ square foot condominium complex with 13 units. The Property is comprised of 4 main buildings (for the condominiums), a cabana building, and courtyard with a pool.

C.  Nationwide, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

. . . .

E.  In or about April 2016, Plaintiff experienced a storm that damaged the Property. The storm damage to Plaintiff's Property was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by covered perils, including: (1) hail and wind damage to the roofs of all buildings, including damaged roof tiles, roofing felt, roof decking, exhaust caps, flashing, and gutters and downspouts; (2) hail and wind damage to multiple skylights, window screens, and garage doors of the buildings; (3) hail and wind damage to the exterior pool furniture; and (4) water intrusion damage, as a result of storm-created openings or separations, to interior ceilings and walls in all buildings. In particular, the storm damage substantially compromised the integrity of the Property's roofs, which requires replacement of the roofs.

F.   Plaintiff timely submitted an insurance claim to Nationwide for all of the covered damage caused by the storm, and Nationwide assigned claim number 877591-GE to Plaintiff's insurance claim. Nationwide assigned Tiffany Blue ("Ms. Blue"), to adjust Plaintiff's insurance claim. Ms. Blue was an agent and representative of Nationwide in regard to Plaintiff's insurance claim. Ms. Blue also acted as an insurance adjuster engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's insurance claim. Ms. Blue was also charged with communicating with Plaintiff about Policy terms, coverage, and payment.

G.   As the assigned adjuster, Ms. Blue was authorized and tasked to investigate the insurance claim, determine the cause of loss, estimate the costs to repair or replace covered damages, and ultimately effectuate a settlement of the insurance claim. However, Ms. Blue was not qualified to properly evaluate the storm damage to the Property; Ms. Blue was improperly and inadequately trained to adjust Plaintiff's insurance claim in a fair, accurate, and timely manner; and Nationwide failed to ensure that Ms. Blue was properly and adequately trained and qualified to properly evaluate the storm damages and adjust the insurance claim. Ms. Blue also employed claim handling practices intended to deny coverage, underpay insurance claims, and delay payment as much as possible. As a result, Ms. Blue was not diligent in the handling and resolution of Plaintiff's insurance claim, failed to timely and reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, misrepresented pertinent facts and Policy provisions, and improperly denied full coverage and payment for the entire covered loss.

H.   When she inspected the Property, Ms. Blue was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, including determining the cause of and then quantifying the damage done to the Property. However, Ms. Blue conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property. As a result, Ms. Blue's adjustment of the insurance claim did not allow for adequate funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy.

I.   In part, Ms. Blue spent little time inspecting the Property overall, limited her investigation primarily to the roofs of the Property, gave cursory attention to the exterior areas of the Property, and failed to inspect the interior areas of the Property. Although she observed evidence of hail damage to the Property's roofs, Ms. Blue did not conduct any testing to properly identify the full extent of the hail and wind damage that substantially compromised the integrity of the roofs, to properly determine the cause of all the interior water damage, or to properly identify the storm-created openings and separations through which the interior water damage ensued, and which her cursory visual inspection failed to identify.

J.    Due to her biased and inadequate inspection, Ms. Blue failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from her estimate, areas of storm damage that were part of the covered loss, including most of the hail and wind damage to the roofs and exterior areas of the Property and all of the interior water intrusion damage to the Property. Instead, Ms. Blue only accounted for some hail damage to individual roof tiles, flashing, exhaust caps, and gutters and downspouts and some hail damage to 2 skylights, 8 window screens, and 5 garage doors. Nevertheless, Ms. Blue also under-estimated and misrepresented the actual cost to repair or replace the underscoped hail damage she included in her estimate, particularly with respect to the necessary costs of materials, labor, taxes, and contractor overhead and profit. Ms. Blue further misrepresented that the roofs of the Property could be repaired and did not need replacement and erroneously denied coverage under the Policy for replacement of the roofs, even though the storm substantially compromised the integrity of the roofs to require replacement. To ostensibly settle Plaintiff's insurance claim, Ms. Blue determined there was limited coverage under the Policy, decided only part of the insurance claim should be paid, and prepared an estimate to misrepresent that payment of only $17,975.90 was due on the insurance claim. Thus, Ms. Blue misrepresented material facts regarding lack of coverage for the omitted storm damages and the costs of needed repairs, replacements, materials, taxes, and contractor overhead and profit.

K.    Based upon Ms. Blue's inspection, estimate, and adjustment, Nationwide denied coverage for a substantial portion of the damages to the Property caused by the storm and determined that only $17,975.90 was due on Plaintiff's insurance claim, even though the actual scope and cost to repair or replace Plaintiff's Property far exceeds the scope and amount of Ms. Blue's estimate. Indeed, Plaintiff retained its own adjuster who determined that the actual cost to repair or replace the Property for all of the covered damage described above is approximately $300,000. Months after Plaintiff submitted the insurance claim, Nationwide sent a letter to Plaintiff that acknowledged coverage for only the items Ms. Blue accounted for and denied coverage for all other damage to the Property caused by the storm, which Nationwide based largely on Ms. Blue's misrepresentations described above.

L.    As described above, Defendants Nationwide and Ms. Blue demonstrated they did not conduct a thorough and reasonable investigation of Plaintiff's insurance claim, misrepresented material facts regarding lack of coverage for omitted storm damages, and misrepresented the cause of, scope of, and cost to repair or replace the damage to Plaintiff's Property as well as the amount of and insurance coverage for Plaintiff's insurance claim and covered loss. Ms. Blue made these and other misrepresentations to Plaintiff and Nationwide. Plaintiff and Nationwide relied on Ms. Blue's misrepresentations, and Plaintiff has been damaged as a result of such reliance. Ms. Blue's misrepresentations caused Nationwide to underpay Plaintiff's insurance claim, and Nationwide's misrepresentations caused Plaintiff to pay for

insurance and submit an insurance claim that did not—as promised—pay the full value of the loss and damage to Plaintiff's Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. As a result, Plaintiff has not been able to properly and completely repair or replace the damages to the Property, which has caused additional and further damage to the Property.

. . . .

N.    Defendants Nationwide and Ms. Blue failed to fairly evaluate and adjust Plaintiff's insurance claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage to Plaintiff, Nationwide and Ms. Blue engaged in unfair insurance and settlement practices prohibited under Texas law.

O.    Defendant Ms. Blue made, issued, and circulated an estimate and related statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

P.    Defendants Nationwide and Mr. Blue misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

Q.    Defendants Nationwide and Ms. Blue failed to make a good faith attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although they were aware of the clear liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

R.    Defendants Nationwide and Ms. Blue failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's insurance claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

S.    Defendants Nationwide and Ms. Blue failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire insurance claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas

Insurance Code. Tex. Ins. Code § 541.060(a)(4).

T.     Defendants Nationwide and Ms. Blue refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Nationwide and Ms. Blue performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

. . . .

Z.     Additionally or in the alternative, Plaintiff has been harmed and prejudiced by Defendants Nationwide and Ms. Blue's wrongful acts and omissions in that their conduct prevented Plaintiff from completing repairs or replacements of the storm damages to the Property in a timely manner and caused Plaintiff to lose contractual rights to benefits under the Policy, including but not limited to the right to receive full replacement cost benefits.

(*See* Exhibit A, at 3–11).

Based on these alleged facts, the Association asserts causes of action against Blue in part for violations of Chapter 541 of the Texas Insurance Code. Specifically, the Association alleges that Blue engaged in false, misleading, and deceptive acts or practices in the business of insurance; engaged in unfair claim settlement practices; made, issued, or circulated an estimate or statement that misrepresented the promised benefits under the policy; misrepresented pertinent facts or policy provisions relating to the coverage at issue; did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear; failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denying the claim; failed to affirm or deny coverage of the claim within a reasonable time; and refused to pay the claim without conducting a reasonable investigation. (*Id.* at 15–16) (asserting claims under sections 541.051(1)(B), 541.060(a)(1), 541.060(a)(2), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code). The Association further alleges that Blue's conduct described in the petition was a proximate cause of

and has resulted in its damages described in the petition, and was done knowingly as that term is used in the Texas Insurance Code. (*Id.* at 16).

Although district courts have had differing views, any split of authority regarding an adjuster's possible liability under the Texas Insurance Code must be resolved in favor of remand. *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at \*4 (W.D. Tex. Oct. 14, 2016); *Roach v. Allstate Vehicle and Property Insurance Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at \*6 (N.D. Tex. Feb. 29, 2016). At a minimum, courts have found sufficiently pleaded claims to hold adjusters "personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2)."[3] *Roach*, 2016 WL 795967, at \*5; *see also Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at \*4–6 (S.D. Tex. Nov. 3, 2016); *Mehar Holdings*, 2016 WL 5957681, at \*4; *Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, 2016 WL 4427489, at \*3 (N.D. Tex. Aug. 22, 2016); *The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at \*4 (N.D. Tex. Sept. 30, 2015). This Court and other courts have also found sufficiently pleaded claims against adjusters for violating Sections 541.060(a)(1), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code. *See, e.g.*, Order in *Negrete*, No. DR-15-CV-114-AM, at 10–16 (attached as Exhibit B); Order in *Gaytan*, No. DR-15-CV-134-AM, at 6-12 (attached as Exhibit C); *see also Sparky's Storage Solutions, Ltd. v. Lexington Ins. Co.*, No. 2:16-CV-022-J, 2016 WL 6662259, at \*2–3 (N.D. Tex. Nov. 9, 2016).

Compared to the allegations in *Sparky's Storage Solutions*, *Negrete*, *Gaytan*, *Mehar Holdings*, *Richard*, *Martinez*, and *The Denley Group*, the Association alleges sufficient facts to state one or more plausible claims against Blue under Section 541.060 of the Texas Insurance

---

[3] This is so because an adjuster is "the person primarily responsible for investigating and evaluating insurance claims," and "has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims." *Roach*, 2016 WL 795967, at \*5.

Code.[4] Thus, a reasonable basis exists for the Court to predict that the Association might possibly prevail against Blue on a cause of action long recognized under Texas law. Whether or not the Association can ultimately prevail against Blue is not at issue for purposes of a remand. *See Gasch*, 491 F.3d at 282–83. Conversely, Nationwide has failed to meet its burden to prove improper joinder. Therefore, the Court lacks subject matter jurisdiction and must remand this case.

## III.    CONCLUSION

For the above reasons, the Association respectfully requests that the Court grant this motion and remand this case to the 224th Judicial District Court of Bexar County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.


Respectfully submitted,

**ALLAN, NAVA & GLANDER, PLLC**
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Phone:  (210) 305-4220
Fax:  (210) 305-4219
serveone@anglawfirm.com

By:    */s/ William N. Allan, IV*
WILLIAM N. ALLAN, IV
State Bar No. 24012204

**ATTORNEYS FOR PLAINTIFFS**

---

[4] Notably, a violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. *See* Tex. Bus. & Com. Code § 17.50(a)(4).

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7(i), counsel for Plaintiff and Defendants have conferred in a good-faith attempt to resolve this matter by agreement. Defendants' counsel indicated that Defendants oppose this motion and the relief requested in this motion. Therefore, this motion is filed as opposed.

*/s/ William N. Allan, IV*
WILLIAM N. ALLAN, IV

## CERTIFICATE OF SERVICE

I hereby certify that, on October 25, 2017, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Patrick M. Kemp
Robert G. Wall
Lauren L. Burgess
SEGAL MCCAMBRIDGE SINGER AND MAHONEY
100 Congress Ave., Suite 800
Austin, Texas 78701
Phone: (512) 476-7834
Fax: (512) 476-7832
pkemp@smsm.com
rwall@smsm.com
lburgess@smsm.com

*/s/ William N. Allan, IV*
WILLIAM N. ALLAN, IV
