UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
DEC 1 8 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| SUNBURST HOMEOWNERS ASSOCIATION,           )<br>)<br>)<br>*Plaintiff*,           )<br>)<br>v.           )<br>)<br>NATIONWIDE PROPERTY AND           )<br>CASUALTY INSURANCE COMPANY and  )<br>TIFFANY BLUE,           )<br>)<br>*Defendants*.           ) | Civil No. 5:17-CV-946-OLG |

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (docket no. 6). The Court finds that the motion should be granted and that this case should be remanded to state court.

### Background

Plaintiff initiated this litigation by filing an Original Petition in the 224th Judicial District Court of Bexar County. Docket no. 1-1 at 3. Plaintiff is the owner of property insured by Defendant Nationwide Property and Casualty Insurance Company (Nationwide) that was damaged in a hail storm that occurred in April 2016. Docket no. 1-1 at 5-6. Defendant Tiffany Blue was the adjuster assigned by Defendant Nationwide to investigate Plaintiff's insurance claim. Docket no. 1-1 at 6. Plaintiff alleges that Defendant Blue, *inter alia*, "conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property" and "misrepresented the benefits under the Policy[,]" and that, as a result of Defendant's Blue's inadequate inspection and misrepresentations, Defendant Nationwide wrongfully denied the bulk of Plaintiff's insurance claim. Docket no. 1-1 at 6, 10-13. Plaintiff asserts claims for breach of contract, violations of Chapters 541 and 542 of the Texas

Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach of the duty of good faith and fair dealing. Docket no. 1-1 at 13-19. Plaintiff seeks monetary relief "over $200,000[.]" Docket no. 1-1 at 3. Plaintiff and Defendant Blue are Texas residents, and Defendant Nationwide is organized under Ohio law and maintains its principal place of business in Ohio. Docket no. 1 at ¶¶ 7-9.

Defendant Nationwide removed the case to this Court, asserting that Defendant Blue's citizenship should be disregarded because she was improperly joined in this action, and that federal subject matter jurisdiction therefore exists under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and the remaining parties are completely diverse. Docket no. 1 at ¶¶ 9-16. In its motion to remand, Plaintiff argues that Defendant Blue was not improperly joined because it may assert claims against her under Chapter 541 of the Texas Insurance Code and under the DTPA. Docket no. 6 at 4-6 (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007)). In response, Defendants argue that Plaintiff has failed to adequately plead DTPA and Chapter 541 breach-of-warranty claims against Defendant Blue because Plaintiff does not allege that Defendant Blue was involved in Plaintiff's purchase of the insurance policy, docket no. 7 at ¶¶ 11-15; that Plaintiff's Chapter 541 misrepresentation claims fail because Plaintiff has not pleaded facts that satisfy the fraud by misrepresentation pleading requirements of Fed. R. Civ. P. 9(b), *id.* at ¶¶ 15-18; and that Plaintiff's remaining Chapter 541 claims fail because they lack factual bases and are instead based on conclusory claims about Defendant Blue's investigation and claim decision, *id.* at ¶¶ 16-26. In its reply, Plaintiff argues that none of its claims are subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b), and that its claims against Defendant Blue are not conclusory but are supported by sufficient factual matter to satisfy the federal pleading standard. Docket no. 8.

## Legal Standards and Analysis

The federal removal statute, 28 U.S.C. § 1441, authorizes removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[,]" and when the basis for that original jurisdiction is the diversity of the parties, the suit is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, the removal statute requires complete diversity among the parties, and prohibits federal courts from refusing jurisdiction where diversity is destroyed by improper joinder, or from exercising jurisdiction where diversity is created by improper or collusive joinder. 28 U.S.C. §§ 1359 (prohibiting exercise of jurisdiction where "any party . . . has been improperly or collusively made or joined to invoke the jurisdiction of such court"); 1441(b) (allowing removal only complete diversity exists among all "properly joined" parties); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc). Improper joinder may be established by "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.23d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003)).

The Court assesses the sufficiency of the plaintiff's state-court petition for purposes of removal and improper joinder under federal pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Where, as here, the party challenging joinder alleges the plaintiff's inability to establish a cause of action against the non-diverse party in state court, the Court must conduct a Rule 12(b)(6)-type analysis and "[i]f a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 201. "When a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine

the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Davidson v. Georgia-Pac., LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (internal quotation marks omitted).

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson*, 819 F.3d at 765 (internal quotation marks and alteration omitted). All unchallenged factual allegations, including those in the complaint, are construed in the light most favorable to the plaintiff, and "[a]ny contested issues of fact and any ambiguities of state law" must be resolved in the plaintiff's favor. *Davidson*, 819 F.3d at 765. The Court must also "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[ ]diverse defendant." *Davidson*, 819 F.3d at 765 (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)).

The Fifth Circuit has held that an individual adjuster may be liable for a violation of the Texas Insurance Code, and that when a plaintiff alleges that an insurance company violated the insurance code[1] through the conduct of an individual adjuster, the plaintiff may assert claims against both the company and the adjuster in their individual capacity. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-84 (5th Cir. 2007); *see also Adan v. Penn-Am. Ins. Co.*, DR-15-CV-050-AM, 2016 WL 8229284, at *4 (W.D. Tex. Mar. 30, 2016). In a later case, the Northern District of Texas Court, while acknowledging that individual insurance company employees can be liable under Chapter 541 based on conduct in the course of their employment, found that "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith*

---

[1] Because the Court in *Gasch* reviewed claims arising from the Texas Insurance Code before its nonsubstantive 2007 amendments, it refers to Article 21.21—statutory text that is substantially identical to the current Chapter 541. *See Birch v. Stillwater Ins. Co.*, 5:15-CV-448-DAE, 2015 WL 5125885, at *3 n.2 (W.D. Tex. Sept. 1, 2015).

*v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Some Texas federal courts have reached inconsistent results in attempting to reconcile *Messersmith* and *Gasch*. *See, e.g.*, *Mehar Holdings, LLC v. Evanston Ins. Co.*, 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the United States, Fort Worth, Texas v. Covington Specialty Ins. Co.*, 3:16-CV-3112-B, 2017 WL 1929124, at *3-*4 (N.D. Tex. May 10, 2017) (discussing split as to viability of claims against individual insurers under Section 541.060(a)(2); noting that existence of split weighs in favor of remand to state court). Courts in this District have held that, consistent with *Gasch*, "when the insurer violates [Section 541.060(a)(2)] through the actions of [its] adjuster, the same claims that can be stated against the corporation can be stated against its agent."[2]

In this case, the Court finds that Plaintiff's factual pleadings are sufficient to state at least one claim against Defendant Blue. Defendant argues that Plaintiff's claim under Tex. Ins. Code § 541.060(a)(2), that Defendant Blue did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when liability had become reasonably clear, fails because Plaintiff did not plead sufficient factual matter regarding the point at which liability became reasonably clear or the steps that were lacking in Blue's investigation and claim determination. Docket no. 7 at ¶ 20. However, Plaintiff's complaint alleges that during her inspection of the property, Defendant Blue failed to account for damage that would have been openly visible, and for which Plaintiff alleges Defendant Nationwide would have been liable

---

[2] *See, e.g.*, *Meza v. Underwriters at Lloyd's of London Syndicate 2488 & Syndicate 2003*, DR-14-CV-087-AM/VRG, 2015 WL 13273303, at *5 (W.D. Tex. Sept. 30, 2015); *see also Mehar Holdings, LLC v. Evanston Ins. Co.*, 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Kris Hosp. LLC v. Tri-State Ins. Co. of Minnesota*, SA-16-CV-01229-XR, 2017 WL 437424, at *4 (W.D. Tex. Jan. 31, 2017); *Navarro v. Safeco Ins. Co. of Indiana*, A-12-CA-691-SS, 2012 WL 12850769, at *3 (W.D. Tex. Oct. 12, 2012); *Vantex II P'ship v. Sec. Nat'l Ins. Co.*, P-13-CV-021, 2013 WL 12090076, at *4 (W.D. Tex. Nov. 25, 2013); *but cf. McClelland v. Chubb Lloyd's Ins. Co. of Texas*, 5:16-CV-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016).

under the policy. Plaintiff alleges that Defendant Blue "limited her investigation primarily to the roofs of the Property, gave cursory attention to the exterior areas of the Property, and failed to inspect the interior areas of the Property"—thus failing to report "water intrusion damage, as a result of storm-created openings or separations, to interior ceilings and walls in all buildings." Docket no. 1-1 at 6, 8. Plaintiff also alleges that Defendant Blue "did not conduct any testing to properly identify the full extent of the hail and wind damage that substantially compromised the integrity of the roofs, to properly determine the cause of all the interior water damage, or to properly identify the storm-created openings and separations through which the interior water damage ensued, and which her cursory visual inspection failed to identify." Docket no. 1-1 at 8. The Court is satisfied that these pleadings provide sufficient, non-conclusory factual matter to substantiate Plaintiff's claim that liability was reasonably clear at the time of Defendant Blue's inspection, and that, rather than attempting to "in good faith to effectuate a prompt, fair, and equitable settlement[,]" Defendant Blue employed "claim-handling practices intended to deny coverage, underpay insurance claims, and delay payment[.]" Docket no. 1-1 at 7. Defendants also argue that Plaintiff's claim under Tex. Ins. Code § 541.060(a)(2) should be dismissed because "it is unclear if this section even applies to adjusters such as Blue[.]" Docket no. 7 at ¶ 20. However, given this lack of clarity regarding an issue of state law, this question should be resolved in Plaintiff's favor here and ultimately left to state courts. *Davidson*, 819 F.3d at 765.

In light of the Court's conclusion that Plaintiff has pleaded a viable claim against Defendant Blue under Tex. Ins. Code § 541.060(a)(2), it is not necessary and would not be appropriate for the Court to address the parties' arguments regarding the viability of Plaintiff's other claims. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action

against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.") (internal citations omitted).

## Conclusion and Order

It is therefore ORDERED that Plaintiff's Motion to Remand (docket no. 6) is GRANTED, and that this case is accordingly REMANDED to the 224th Judicial District Court of Bexar County.

SIGNED this 19 day of December, 2017.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE